DAVID W. GRACE (SBN 102190)
dgrace@loeb.com
ANDREW W. DEGNER (SBN 288868)
adegner@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Plaintiff
Comptown Records, Inc. dba Ruthless Records

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| COMPTOWN RECORDS, INC., a California corporation, dba RUTHLESS RECORDS,<br><br>Plaintiff,<br><br>v.<br><br>ARNOLD E. WHITE pka BIGG A, an individual, ERIC DARNEL WRIGHT pka Lil Eazy-E, RUTHLESS RECORDS, a California corporation, and N.W.A ENTERTAINMENT LLC,<br><br>Defendants. | Case No.: 2:17-cv-6063<br><br>**COMPLAINT FOR:**<br><br>**(1) INFRINGEMENT OF REGISTERED TRADEMARK;**<br>**(2) COMMON LAW TRADE NAME, TRADEMARK, AND SERVICE MARK INFRINGEMENT;**<br>**(3) UNFAIR COMPETITION (VIOLATION OF 15 U.S.C. § 1125 (a));**<br>**(4) STATE LAW UNFAIR COMPETITION;**<br>**(5) CYBERSQUATTING; AND**<br>**(6) INJURY TO BUSINESS REPUTATION AND DILUTION (CAL. BUS. & PROF. CODE § 14330)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Comptown Records, Inc. dba Ruthless Records ("Plaintiff" and "Ruthless"), alleges as follows:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13582835.3
015333-10015

COMPLAINT AND DEMAND FOR JURY TRIAL

## JURISDICTION AND VENUE

1. This action for injunctive relief, monetary damages, and other appropriate relief arises under Federal law, the provisions of the Trademark Laws of the United States (the Lanham Act of 1946), as amended, 15 U.S.C. §§ 1051 et seq., and under the statutes and common law of the State of California.  This Court has jurisdiction over Plaintiff's federal claims under 15 U.S.C. §§ 1121 and 1125 and 23 U.S.C. § 1338(a).  This Court has jurisdiction of the state unfair competition claims under 28 U.S.C. § 1338(b), in that those claims are joined with substantial and related claims under 15 U.S.C. §§ 1051 et seq.  This Court also has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367, in that those claims are related to claims under this Court's original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

3. Plaintiff Comptown Records, Inc. is a California corporation with a place of business in Woodland Hills, California.

4. Upon information and belief, defendant Ruthless Records ("R-R") is a California corporation with a place of business at 16612 S. Caress Avenue, Compton, California 90221.

5. Upon information and belief, defendant N.W.A Entertainment LLC ("NWA-LLC") is a California corporation with a place of business at 16612 S. Caress Avenue, Compton, California 90221.

6. Upon information and belief, defendant Arnold "Bigg A" E. White ("Defendant White") is an individual residing in Compton, California and the incorporator and President of Defendant R-R and was involved in the formation of and is the agent for service of process for NWA-LLC.  Upon information and belief, Mr. White personally directed and caused R-R and NWA-LLC to engage in all acts by R-R and NWA-LLC alleged herein.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13582835.3
015333-10015

2

COMPLAINT AND DEMAND FOR JURY TRIAL

7. Upon information and belief, defendant Eric "Lil Eazy-E" Darnel Wright ("Defendant Wright") is an individual residing in Compton, California, a Director of Defendant R-R, and the sole Manager and Member of NWA-LLC. Upon information and belief, Mr. Wright personally directed and caused R-R and NWA-LLC to engage in all acts by R-R and NWA-LLC alleged herein.

## GENERAL ALLEGATIONS

8. Ruthless is the owner of the trade names, trademarks, and service marks RUTHLESS, RUTHLESS RECORDS, and N.W.A with respect to the promotion and sale of musical sound recordings and related services and merchandise.

9. "Ruthless Records" has been continuously used as the record label that was founded by Eric "Eazy-E" Wright in Compton, California in 1986. Over the years, the label's acts have included N.W.A, Eazy-E, Bone-Thugs-n-Harmony, and others.

10. After the death of Eazy-E, the record label has been owned by his widow Tomica Woods-Wright and her company Comptown Records, Inc., which has continuously used the trade names, trademarks, and service marks RUTHLESS, RUTHLESS RECORDS, and N.W.A.

11. Ruthless, its founder, and the members of the N.W.A group, which included Eazy-E, Ice Cube, Dr. Dre, and others, were the subject of the recent theatrical release "Straight Outta Compton" released by Universal Pictures on or about August 11, 2015.

12. Ruthless has registered the mark RUTHLESS RECORDS with the United States Patent and Trademark Office for "compact discs featuring music", pursuant to Registration Number 2167436, which issued on or about June 23, 1998 and is in force and has become incontestable within the meaning of the Lanham Act. Information printed from the official government web site about the registration is attached hereto as Exhibit A.

13. RUTHLESS has registered the mark RUTHLESS with the United States Patent and Trademark Office for "clothing, namely, t-shirts, sweatshirts, sweatpants, baseball caps, jerseys, fleece top and bottoms, underwear, and jackets", pursuant to Registration Number 2610131, which issued on or about August 20, 2002 and is in force and has become incontestable within the meaning of the Lanham Act. Information printed from the official government web site about the registration is attached hereto as Exhibit B.

14. RUTHLESS has registered the mark RUTHLESS with the United States Patent and Trademark Office for "musical sound recordings; audiovisual recordings of movies; video game programs", pursuant to Registration Number 4478333, which issued on or about February 4, 2014 and is in force. Information printed from the official government web site about the registration is attached hereto as Exhibit C.

15. RUTHLESS has registered the mark N.W.A with the United States Patent and Trademark Office for "series of prerecorded compact discs featuring music", pursuant to Registration Number 2522163, which issued on or about December 25, 2001 and is in force and has become incontestable within the meaning of the Lanham Act. Information printed from the official government web site about the registration is attached hereto as Exhibit D.

16. Ruthless has registered the mark N.W.A. with the United States Patent and Trademark Office for "clothing, namely, shirts, tops, and headwear", pursuant to Registration Number 4675580, which issued on or about January 20, 2015 and is in force. Information printed from the official government web site about the registration is attached hereto as Exhibit E.

17. Ruthless has promoted its trade names and marks through a variety of promotional activities.

18. As a result of Ruthless' sales and promotional efforts over the last thirty-one years, Ruthless has sold significant volumes of musical sound recordings

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13582835.3
015333-10015

4

COMPLAINT AND DEMAND FOR JURY TRIAL

and related merchandise in conjunction with its RUTHLESS, RUTHLESS RECORDS, and N.W.A names and marks throughout the United States.

19. As a result of Ruthless' marketing efforts and press and media coverage, the trade names, trademarks, and service marks RUTHLESS, RUTHLESS RECORDS, and N.W.A have obtained strong secondary meaning indicating source with respect to musical sound recordings and related products and services, widespread recognition within the relevant markets, and have become famous.

## DEFENDANTS' INFRINGING ACTIVITIES

20. Defendant White and Defendant Wright are and have been very familiar with Ruthless Records and N.W.A.

21. In an attempt to misappropriate the trade names, trademarks, and service mark owned by Ruthless, on or about July 28, 2016, Defendant White formed a California corporation using the name Ruthless Records and on about December 20, 2016 the Defendants formed NWA-LLC.

22. In an attempt to misappropriate the trade names, trademarks, and service mark owned by Ruthless, on or about August 22, 2016, Defendants White and R-R filed a trademark application with the United States Patent and Trademark Office, serial number 87146388, in the name of Ruthless Records Inc. [SIC] seeking to register RUTHLESS RECORDS INC as a service mark for "on-line retail store services featuring music; retail store services featuring music. On or about December 8, 2016, the application was rejected by the United States Patent and Trademark Office on the basis that the mark is confusingly similar with the RUTHLESS and RUTHLESS RECORDS marks owned by Ruthless.

23. Defendants have printed and distributed business cards bearing Ruthless' trade name and mark RUTHLESS RECORDS.

24. Defendants are operating an internet website at www.ruthlessrecordsinc.com accessible in California, and throughout the United

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13582835.3
015333-10015

5

COMPLAINT AND DEMAND FOR JURY TRIAL

States bearing the names and marks of Ruthless, RUTHLESS RECORDS, and NWA pursuant to which they advertise and promote musical artists and events.

25. At the website, Defendants hold themselves out as being Ruthless. Among other things, they describe themselves as follows, "Founded by legendary gangsta rap artist Eazy-E, Ruthless Records Inc. is a globally recognized brand, developing music and marketing in a whole new way. Our old-school outlook mixed with cutting edge technology makes Ruthless Records Inc. a leader in the music business."

26. At the website, Defendants attempt to create the impression that NWA-LLC is the ultimate owner of Ruthless' trade names and marks.  Defendants state: "Ruthless Records Inc. is an exclusive branding and marketing agency for NWA Entertainment and signed artists under NWA Entertainment."

27. Defendants statements that they are Ruthless and NWA are intentionally false and misleading.

28. On information and belief, Defendants have sold merchandise including clothing and produced musical events using Ruthless' names and marks RUTHLESS, RUTHLESS RECORDS, and N.W.A.

29. Defendants' conduct complained of herein is malicious, fraudulent, deliberate, and/or willful.

30. The use of the names and mark N.W.A, RUTHLESS, and RUTHLESS RECORDS by Defendants is without permission, consent, or authority of RUTHLESS.

31. Ruthless has asked Defendants to cease and desist from their acts of trade name, trademark, and service mark infringement and unfair competition.

# COUNT ONE

## (Against Defendants For Infringement of

## Federally Registered Trademark, 15 U.S.C. § 1114)

32. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 31 above as if fully set forth herein.

33. Plaintiff is the owner of the federally registered trademarks RUTHLESS, RUTHLESS RECORDS, and N.W.A for use in connection with the sale, offer of sale, distribution, and advertising of musical sound records and clothing products.

34. Defendants' use in commerce, without Plaintiff's consent, of a reproduction, counterfeit, copy or colorable imitation of its registered trademarks is likely to cause confusion, and/or to cause mistake or to deceive the trade and/or consuming public, and constitutes infringement and counterfeiting.

35. By these wrongful acts, Defendants have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury and damage to Plaintiff and to the goodwill, reputation, and proven business success associated with Plaintiff's registered trademarks.

36. Upon information and belief, Defendants have profited or will profit by their wrongful conduct and activities.

37. Plaintiff has no adequate remedy at law.

# COUNT TWO

## (Against Defendants for Common Law

## Trade Name, Trademark, and Service Mark Infringement)

38. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 37 above as if fully set forth herein.

39. Plaintiff owns and enjoys common law trade name, trademark, and service mark rights throughout the United States in the trade names, trademarks, and service marks "RUTHLESS", "RUTHLESS RECORDS", and "N.W.A" in

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13582835.3
015333-10015

7

COMPLAINT AND DEMAND FOR JURY TRIAL

connection with the operation of a record company and the sale, offer of sale, distribution, and advertising of musical sound recording and clothing products.

40. Defendants' use in commerce, without Plaintiff's consent, of the reproduction, counterfeit, copy or colorable imitation of these names and marks is likely to cause confusion, and/or to cause mistake or to deceive the trade and/or consuming public.

41. By these wrongful acts, Defendants have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury and damage to Plaintiff and to the goodwill, reputation and proven business success associated with Plaintiff's names and marks RUTHLESS, RUTHLESS RECORDS, and N.W.A throughout the United States and in international commerce.

42. Upon information and belief, Defendants have profited or will profit by their wrongful conduct and activities.

43. Plaintiff has no adequate remedy at law.

## COUNT THREE

### (Against Defendants for Unfair Competition, Violation of 15 U.S.C. § 1125(a))

44. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

45. Defendants' use in commence of words, terms, names, symbols or devices, or combinations thereof, including but not limited to the name and mark "RUTHLESS," "RUTHLESS RECORDS", and "N.W.A" on or in connection with the sale of goods and providing services are a false designation of origin and false and misleading representations of fact which are likely to cause confusion or to cause mistake or to deceive the trade and/or consuming public as to the affiliation, connection, or association of Defendants and Plaintiff, or as to the origin, sponsorship, or approval of products sold by Defendants.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13582835.3
015333-10015

8

COMPLAINT AND DEMAND FOR JURY TRIAL

46. As a result the acts set forth above, Defendants have violated Section 43 (a) of the Lanham Act of 1946, 15 U.S.C. § 1125 (a) and Plaintiff has been and, until Defendants are restrained by the Court, will continue to be seriously and irreparably harmed.

47. Upon information and belief, Defendants have profited or will profit by its wrongful conduct and activities.

48. Plaintiff has no adequate remedy at law.

## COUNT FOUR

**(Against Defendants for Unfair Competition Under California Law, Business and Professions Code Section 17200 et seq.)**

49. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 48 above as if fully set forth herein.

50. The acts of Defendants alleged above constitute unfair competition in that they are unlawful, unfair and/or fraudulent acts or business practices and/or unfair, deceptive, untrue or misleading advertising prohibited by California law, including Business and Professions Code Section 17200 et seq.

51. As a result of Defendants' unfair competition, Plaintiff has been seriously and irreparably harmed. Defendants' acts of unfair competition will be ongoing unless enjoined by this Court, the Court makes such orders as necessary to prevent the use or employment by Defendants of any act or practice which constitutes unfair competition in the future, and the Court restores Plaintiff any money which may have been acquired by Defendants by means of unfair competition.

## COUNT FIVE

**(Against Defendant for Cybersquatting, 15 U.S.C. § 1125(d))**

52. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 51 above as if fully set forth herein.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13582835.3
015333-10015

9

COMPLAINT AND DEMAND FOR JURY TRIAL

53. Defendants registered the domain name ruthlessrecordsinc.com (the "Domain Name"), which incorporate Plaintiff's famous RUTHLESS RECORDS name and mark.

54. Plaintiff's RUTHLESS RECORDS name and mark was famous at the time Defendants registered the Domain Name. The domain name portion of the Domain Name is confusingly similar to, and dilutes the distinctive quality of, Plaintiff's famous RUTHLESS RECORDS name and mark.

55. On information and belief, Defendants were on notice of Plaintiff's rights in the RUTHLESS RECORDS name and mark as of the date the Domain Name was registered. Plaintiff's rights in the RUTHLESS RECORDS name and mark precede the current registration of the Domain Name.

56. Upon information and belief, Defendants have a bad faith intent to profit from the registration and use of the Domain Name by creating an association with Plaintiff and/or Plaintiff's famous RUTHLESS RECORDS name and mark. Defendant has created a likelihood of consumer confusion as to the source, sponsorship, affiliation or endorsement of the Domain Name, Website, and Defendants' services.

57. Plaintiff has been damaged by Defendants' unlawful use of the Domain Name and will suffer irreparable harm.

58. Defendants' aforesaid acts are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

59. Defendants' conduct complained of herein is malicious, fraudulent, deliberate, and/or willful.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13582835.3
015333-10015

10

COMPLAINT AND DEMAND FOR JURY TRIAL

# COUNT SIX

## (Against Defendants for Trademark Dilution

## - Cal. Bus. & Prof. Code § 14330)

60. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 59 above as if fully set forth herein.

61. As a result of the widespread and continuous use of Plaintiff's trade names and marks in commerce in the United States since 1986, Plaintiff's RUTHLESS, RUTHLESS RECORDS, and N.W.A trade names and marks are famous within the meaning of the relevant statutes.

62. Defendants' commercial use of Plaintiff's names and marks was willfully intended to trade on Plaintiff's reputation.

63. Defendants' commercial use of Plaintiff's trade names and marks, which commenced after Plaintiff's trade names and marks became famous, has caused and continues to cause irreparable injury to Plaintiff and its business reputation and has diluted the distinctive quality of Plaintiff's famous names and marks within the meaning of Cal. Bus. & Prof. Code § 14330.

64. As a result of Defendants' conduct, Plaintiff is entitled to injunctive relief, and is entitled to recover all damages caused by reason of Defendants' acts.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13582835.3
015333-10015

11

COMPLAINT AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff prays that this Court enter a judgment:

1. That pursuant to 15 U.S.C. § 1125, Rule 65 of the Federal Rules of Civil Procedure and Section 17235 of the California Business and Professions Code, Defendants, their officers, agents, servants, employees, attorneys and all those persons in active concert or participation with them be immediately and permanently enjoined and restrained from:

    a. Using the mark RUTHLESS, RUTHLESS RECORDS, and N.W.A in whole or as part of any mark, name or logo, or using any confusingly similar designation, alone or in combination with other words, as a trademark, service mark, trade name, trade name component, brand or otherwise, to market, advertise or identify Defendants' products or services;

    b. Otherwise infringing Plaintiff's marks;

    c. Unfairly competing with Plaintiff in any manner whatsoever;

    d. Causing actual confusion, a likelihood of confusion, injury to Plaintiff's goodwill, reputation, and proven business success, and/or dilution of the distinctiveness of Plaintiff's marks; and

2. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

3. That Defendants be required to deliver up and destroy all devices, signage, literature, advertising, containers, packaging, product parts and other material bearing the infringing designations.

4. That Defendants be required to conduct remedial advertising in an effort to mitigate the damage done to Plaintiff's goodwill, reputation and proven business success in all geographic areas where Defendants have sold, delivered, distributed or marketed its infringing goods and/or services, and restore Plaintiff monies lost as a result of its unfair competition.

5. That Defendants be required to conduct an accounting of profits, and that Plaintiff be awarded Defendants' profits resulting from its wrongful acts, or, if Plaintiff so elects before trial, statutory damages.

6. That Defendants be required to recall all of its products bearing the infringing designation(s), and further be required to remove from said goods and destroy all such infringing designations.

7. That Plaintiff's damages be trebled because of Defendants' intentional and willful infringement.

8. That Plaintiff have and recover punitive damages.

9. That Plaintiff be awarded statutory damages.

10. That Plaintiff have its costs of suit, including attorneys' fees.

11. That Plaintiff obtain such other and further relief as the Court may deem just and appropriate.

Dated: August 15, 2017

LOEB & LOEB LLP
DAVID W. GRACE
ANDREW W. DEGNER


By: __/s/_____
    David W. Grace
Attorneys for Plaintiff,
COMPTOWN RECORDS, INC.
dba RUTHLESS RECORDS

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by jury.

Dated: August 15, 2017

Respectfully submitted,

LOEB & LOEB LLP
DAVID W. GRACE
ANDREW W. DEGNER

By: /s/
David W. Grace
Attorneys of Plaintiff
COMPTOWN RECORDS, INC.
dba RUTHLESS RECORDS

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

13582835.3
015333-10015

14

COMPLAINT AND DEMAND FOR JURY TRIAL