DAVID W. GRACE (SBN 102190)
dgrace@loeb.com
ANDREW W. DEGNER (SBN 288868)
adegner@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Plaintiff Comptown Records,
Inc. dba Ruthless Records

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| COMPTOWN RECORDS, INC., a California corporation, dba RUTHLESS RECORDS, | Case No.: 2:17-cv-06063 DMG(Ex) |
| Plaintiff, | Assigned to Hon. Dolly M. Gee |
| v. | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| ARNOLD E. WHITE pka BIGG A, an individual; ERIC DARNEL WRIGHT pka Lil Eazy-E, an individual; Curtis James "CJ" Melone aka Curtis James Kubat, an individual; RUTHLESS RECORDS, a California corporation; and N.W.A ENTERTAINMENT LLC, a California company, | |
| Defendants. | |

## PROTECTIVE ORDER

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order") to expedite the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

1

STIPULATED PROTECTIVE ORDER

1  flow of discovery materials, to facilitate the prompt resolution of disputes over

2  confidentiality of discovery materials, to adequately protect information the parties

3  are entitled to keep confidential, to ensure that only materials the parties are entitled

4  to keep confidential are subject to such treatment, and to ensure that the parties are

5  permitted reasonably necessary uses of such materials in preparation for and in the

6  conduct of trial, pursuant to Fed. R. Civ. P. 26(c) and any other applicable rule of

7  this Court.  Unless modified, superseded or terminated pursuant to the terms

8  contained in this Order, this Protective Order shall remain in effect through the

9  conclusion of this litigation and thereafter as set forth below.

10  **GOOD CAUSE STATEMENT**

11  In support of this Protective Order the Court finds that good cause exists for

12  entry of this Protective Order because:

13  **1.**  The parties anticipate that the exchange of information in this case may

14  include documents that constitute non-public, highly sensitive financial information

15  regarding revenues, expenses, and profits generated in connection with the

16  trademarks at issue, the disclosure of which could cause competitive harm to the

17  parties in this action.  The parties also anticipate that the exchange of information in

18  this case will include non-public drafts of licensing agreements and other business

19  arrangements which, if disclosed, may cause competitive harm to the parties in this

20  action.  The parties further seek to protect documents or information containing

21  personal financial information of third parties that are not a party to this litigation, as

22  well as all confidential and proprietary business or commercial information or trade

23  secrets within the meaning of Fed. R. Civ. P. 26(c) or California Civil Code

24  § 3426.1;

25  **2.**  The parties believe that public dissemination and disclosure of

26  confidential information could injure or damage the party or a non-party disclosing

27  or producing the confidential information and/or could place that party or non-party

28  at a competitive disadvantage or cause personal harm; and

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

2

STIPULATED PROTECTIVE ORDER

**3.** To protect the prospective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should issue.

**THEREFORE, IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:**

**4.** Any document, written discovery response, testimony, deposition transcript, and all other materials and information (collectively hereinafter "Material") produced or furnished in connection with the above-captioned litigation (the "Action"), or any portion thereof, that is reasonably believed by any party to the Action to contain or constitute trade secrets, or confidential or proprietary business or financial information, or personal information protected by a right of privacy, may be designated, in whole or in part, as "Confidential" or "Confidential – Attorneys' Eyes Only."

**5.** <u>Scope</u>. Any Material or portion thereof that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with the provisions for such designation contained herein (hereinafter, "Confidential Information"), shall be deemed confidential and shall be disclosed only to "Qualified Persons" as defined herein and in accordance with the terms hereof. The protections conferred by this Protective Order cover not only Confidential Information as defined herein, but also (1) any information copied or extracted from the Confidential Information; (2) all copies, excerpts, summaries, or compilations of the Confidential Information; and (3) any testimony, conversations, or presentations by the parties to this Action or their counsel that might reveal Confidential Information. However, the protections conferred by this Protective Order do not cover any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure not involving a violation of this Protective Order, including becoming part of the public record through trial or

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

3

STIPULATED PROTECTIVE ORDER

otherwise.  Any use of Confidential Information at trial shall be governed by a separate agreement or order.

**6.**  <u>Restraint in Designating AEO Information</u>.  In designating Material as "Confidential – Attorneys' Eyes Only," the designating party must have a good faith and reasonable belief that those Materials contain competitively sensitive or proprietary information, and could cause competitive or personal harm if disclosed to an unauthorized person.

**7.**  <u>Manner and Timing of Designations</u>.  A designating party may designate Materials, including those produced by third-party witnesses, as Confidential Information by clearly designating those Materials as follows:

**a.**  Stamping or otherwise marking the document or other tangible material containing or embodying the Confidential Information as "Confidential – Subject to Protective Order," "Confidential" or "Confidential – Attorneys' Eyes Only" at the time of production.

**b.**  Designating portions of a deposition or deposition exhibits either during the deposition or by written notice to the court reporter and all counsel of record within twenty (30) business days after the reporter sends the transcript or written notice that the transcript is available for review.  The court reporter shall be instructed to separately bind the Confidential Information portion and to mark the caption page of such portion "Confidential – Subject to Protective Order."

**c.**  Notifying all counsel in this case in writing of designation of any third-party Discovery Materials as "Confidential" or "Confidential – Attorneys' Eyes Only" within thirty (30) days from the date the Designating Party has notice that the Materials have been produced.

**8.**  <u>Non-Party Use</u>.  Any non-party that produces or furnishes Material in connection with this Action may obtain the protections provided by this Protective

Order with respect to the designation of Material as "Confidential" or "Confidential – Attorneys' Eyes Only" by agreeing with the parties that this Protective Order shall apply to Material produced by such non-party.

**9.**   Qualified Persons – Confidential.  Unless otherwise expressly authorized by the provisions of this Protective Order, by a written agreement of the parties executed following the effective date hereof or by Court order, any Material that is designated as "Confidential" in accordance with the terms hereof may be disclosed only to the following "Qualified Persons":

      **a.** The named parties in this Action and their respective officers, directors, partners, principals and employees who are assisting that party's counsel in this Action;

      **b.** Counsel for the parties, including members of such attorneys' staff (e.g., paralegals, legal secretaries, and law clerks);

      **c.** Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition;

      **d.** Deponents in this Action (before, during and after their depositions);

      **e.** The Court and court personnel;

      **f.** Court reporters or videographers selected by the parties; and

      **g.** Any persons who authored or previously received the Confidential Information.

**10.**   Qualified Persons – Attorneys' Eyes Only.  Unless otherwise expressly authorized by the provisions of this Protective Order, by a written agreement of the parties or by Court order, any Material that is designated as "Confidential – Attorneys' Eyes Only" in accordance with the terms hereof may be disclosed only to the following "Qualified Persons":

      **a.** Counsel for the parties, including members of such attorneys' staff (e.g., paralegals, legal secretaries, and law clerks);

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

5

STIPULATED PROTECTIVE ORDER

   **b.** Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, and who are not competitors of any party or employed by a competitor of any party;

   **c.** Non-party witnesses during the course of their depositions, provided that (1) counsel for the designating party shall be informed that the witness will be shown such Material before the designated information is shown to the witness, to give counsel for the designating party an opportunity to object, and (2) if an objection to showing the witness is made, the designated Material shall not be shown to the witness until the Court rules on the objection;

   **d.** The Court and court personnel;

   **e.** Court reporters or videographers selected by the parties.

   **f.** Any persons who authored or previously received the Confidential Information;

**11.** <u>Use of Confidential Information</u>.  Before counsel for a party may disclose Confidential Information to any Qualified Person other than those Qualified Persons identified in subparagraphs (b), (e), and (f) of Paragraph 9 hereof or subparagraphs (a), (d), and (e) of Paragraph 10 hereof, the disclosing counsel shall obtain from the Qualified Person who is to receive such Confidential Information, an executed copy of a Non-Disclosure Certificate in the form attached hereto as Exhibit "A." Counsel shall be responsible for obtaining signatures of all such Qualified Persons, and for advising all such Qualified Persons that they are not permitted to disclose Confidential Information to any person other than Qualified Persons as set forth herein.

**12.** <u>Attendance at Confidential Deposition</u>.  Except for the deponent, no person shall attend those portions of any deposition at which Material that has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is discussed

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

6

STIPULATED PROTECTIVE ORDER

1  or used as an exhibit, unless such person is a Qualified Person authorized to view

2  such material and, if required to do so, has executed a copy of the Non-Disclosure

3  Certificate in the form attached as Exhibit "A" hereto.

4      **13.**   Inspection. If original documents or materials are made available for

5  inspection, such documents or materials need not be designated for protection until

6  after the inspecting party has indicated which material it would like copied and

7  produced. During the inspection and before the designation, all of the material

8  made available for inspection shall be deemed Confidential Information.

9      **14.**   Disclosure of Information. All Material produced or furnished in this

10  Action (including but not limited to material not marked Confidential or

11  Confidential – Attorneys' Eyes Only) including deposition transcripts and

12  deposition videos, shall be used only in connection with this Action and shall not be

13  otherwise disclosed except as agreed to by the parties, as required by any court,

14  judicial tribunal, administrative agency, taxing body or other governmental unit or

15  entity, or as otherwise required by law. All Material, including such deposition

16  transcripts or videos, produced or furnished in this Action shall not be used or

17  disclosed for any personal, business, commercial or competitive purpose and,

18  furthermore, shall not be used in connection with the media or in connection with

19  materials for public dissemination of any kind or type, including but not limited to

20  dissemination of such Material to the public via the internet, social media or any

21  other means now or hereafter known.

22      **15.**   Filing Confidential Information. The parties acknowledge that this

23  Protective Order does not entitle them to file Confidential Information under seal.

24  Any party or non-party must seek permission to file Confidential Information under

25  seal in accordance with the Federal Rules of Civil Procedure and the Local Rules of

26  this Court. No Confidential Information shall be publicly filed with the Court

27  absent agreement of the producing party or Order of the Court. The failure of a

28  party or non-party to file a motion or application to seal in accordance with the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

7

STIPULATED PROTECTIVE ORDER

1   applicable rules shall not operate as or result in a waiver of the right of such party or

2   non-party to designate or seek to have the Confidential Information at issue treated

3   as Confidential Information for other purposes.

4       **16.**   Inadvertent Failure to Designate.  If Material that a party or non-party

5   intends to designate as Confidential Information is inadvertently disclosed without

6   being marked as Confidential Information in accordance with the provisions of this

7   Protective Order, the failure so to designate such Material shall not be deemed a

8   waiver of its confidentiality.  The disclosing party shall be permitted to correct its

9   error and provide notice of the confidentiality of the Materials.  Such correction and

10  notice thereof shall be made in writing, accompanied by substitute copies of any

11  document(s) or response(s) appropriately marked as Confidential Information.  At

12  such time as the Material is designated as Confidential Information, it shall be

13  treated as Confidential Information in accordance with this Protective Order.

14  Within ten (10) days of receipt of the substitute copies, the receiving party shall

15  return or destroy the previously-unmarked items and all copies thereof.

16      **17.**   Inadvertent Disclosure.  In the event that Confidential Information is,

17  either intentionally or inadvertently, disclosed to someone not authorized to receive

18  such Information under this Protective Order or, if a person so authorized breaches

19  any of its obligations under this Protective Order, counsel of record for any party

20  who is involved in or aware of such disclosure shall immediately give written notice

21  of such unauthorized disclosure or breach to counsel for the party or non-party that

22  initially produced the subject Confidential Information and/or requested the

23  confidentiality designation, and also shall disclose the circumstances of the

24  unauthorized disclosure or breach.  The responsible party shall also take all

25  reasonable measures promptly to ensure that no further or greater unauthorized

26  disclosure of Confidential Information is made by anyone.

27      **18.**   No Obligation to Challenge.  The acceptance by a party of documents

28  designated as Confidential Information shall not constitute an agreement, admission

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

8

STIPULATED PROTECTIVE ORDER

1   or concession, or permit an inference, that the Material(s) are in fact properly the

2   subject for protection under Fed. R. Civ. P. 26(c), or some other basis. Documents

3   designated as Confidential Information shall be treated in accordance with the

4   provisions of this Protective Order, except that any party may at any time seek an

5   Order from the Court determining that specified information or categories of

6   information are not properly designated as Confidential Information, provided that

7   prior to making such a motion the parties shall meet and confer in good faith to

8   resolve any differences over the designation. A party shall not be obligated to

9   challenge the propriety of a designation of Confidential Information at the time

10  made, and failure to do so shall not preclude subsequent challenge.

11      **19.**   Pending Challenge. Notwithstanding the pendency of any challenge to

12  the designation of Material as Confidential Information, all Material so designated

13  shall be treated as such and shall be subject to the provisions hereof unless and until

14  one of the following occurs:  (a) the party or non-party who claims that the Material

15  is Confidential Information withdraws such designation in writing; or (b) the Court

16  rules that the Material is not Confidential Information.

17      **20.**   Subpoena or Court-Ordered Disclosure of Confidential Information. In

18  the event that a Qualified Person: (a) is served with a subpoena in another action, (b)

19  is served with a demand in another action to which the Qualified Person is a party,

20  or (c) is served with any other legal process that seeks Confidential Information that

21  was produced or designated as such by someone other than the Qualified Person

22  who receives the subpoena, demand or other legal process, such Qualified Person

23  shall give prompt written notice of the receipt of such subpoena, demand or other

24  written notice to the party or non-party who produced or designated the Material as

25  Confidential Information, and shall object to its production.

26      Should the person seeking access to the Confidential Information take action

27  to enforce the subpoena, demand or other legal process against the Qualified Person

28  from whom the Confidential Information is sought, the Qualified Person shall

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

9

STIPULATED PROTECTIVE ORDER

1    cooperate with the party or non-party to this Action who produced or designated the

2    Material as Confidential Information in resisting any efforts by such other parties to

3    obtain such Confidential Information from the Qualified Person.

4         Nothing herein shall be construed as requiring the Qualified Person from

5    whom the Confidential Information is sought, or anyone else subject to this

6    Protective Order, to challenge or appeal any court order requiring production of the

7    Confidential Information, or to subject himself or herself to any penalties for

8    noncompliance with any legal process or order, or to seek any relief from this Court.

9         **21.**   Modification.  The provisions of this Protective Order may be modified

10   at any time by stipulation of the parties approved by order of the Court.  In addition,

11   a party may at any time apply to the Court for modification of this Protective Order

12   pursuant to a motion brought on in accordance with the rules of the Court.  The

13   parties consent to an expedited hearing upon any such application, provided that

14   reasonable time for response is allowed.

15        **22.**   Use at Trial.  Nothing herein shall prevent any of the parties from using

16   Confidential Information in any trial in this litigation or from seeking further

17   protection with respect to the use of any Confidential Information in any trial in this

18   litigation.  Means to preserve the confidentiality of Confidential Information

19   presented at any trial shall be considered and implemented in advance of such trial.

20        **23.**   No-Waiver.  By stipulating to the entry of this Protective Order, no

21   party waives any right it otherwise would have to object to disclosing or producing

22   any information or item on any ground not addressed in this Protective Order.

23   Similarly, no party waives any right to object on any ground to use in evidence of

24   any of the material covered by this Protective Order.

25        **24.**   Final Disposition.  Within thirty (30) days of the final determination of

26   this Action, whether by judgment, settlement or otherwise, and including any appeal

27   from a final judgment, any person who is in possession of physical copies of

28   documents that have been designated as Confidential Information shall return such

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

10                    STIPULATED PROTECTIVE ORDER

1   copies to the person who produced it or the person's counsel, or shall destroy them,

2   except that this paragraph shall not apply to work product of counsel, or to counsels'

3   copies of pleadings, briefs or declarations ("counsels' pleadings files").  Written

4   confirmation of such return or destruction shall be forwarded to the person

5   producing such Confidential Information or the person's counsel.

6       **25.**   <u>Duration</u>.  This Protective Order shall survive the final conclusion of

7   this Action and shall continue in full force and effect.  The Court shall retain

8   jurisdiction over the parties and any other person bound by this Protective Order in

9   order to enforce the provisions contained herein.

10      **26.**   <u>Violation</u>.  Any violation of this Order may be punished by appropriate

11  measures including, without limitation, contempt proceedings and/or monetary

12  sanctions.

13      **27.**   By affixing their signatures below, the parties agree to abide by the

14  terms of this Stipulation until this Protective Order or a further protective order is

15  entered by the Court.

16  **IT IS SO STIPULATED.**

17

18  Dated:  March 23, 2018          LOEB & LOEB LLP
                                    DAVID W. GRACE
19                                  ANDREW W. DEGNER

20

21                                  By:  ___/s/_____
                                        Andrew W. Degner
22                                  Attorneys for Plaintiff,
                                    COMPTOWN RECORDS, INC.
23                                  dba RUTHLESS RECORDS

24

25  ///

26  ///

27  ///

28  ///

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039                        11          STIPULATED PROTECTIVE ORDER

1 | Dated:  March 23, 2018

CALL & JENSEN
SCOTT P. SHAW
AARON L. RENFRO


By: ____/s/_____
     Scott P. Shaw
Attorneys for Defendants,
Arnold E. White, Eric Darnel Wright, Curtis
James "CJ" Melone, Ruthless Records, and
N.W.A Entertainment LLC

## SIGNATURE CERTIFICATION

I hereby certify that the content of this document is acceptable to Scott P. Shaw, counsel for Defendants, and that I have obtained Mr. Shaw's authorization to affix his electronic signature to this document.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

Dated: _3/23/18_____

Honorable ~~Dolly M. Gee~~
Charles F. Eick
United States Magistrate Judge

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

12

STIPULATED PROTECTIVE ORDER

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I,_____, declare under penalty of perjury that my address is _____.

I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ , 2018, in the case of *Comptown Records, Inc. v. Arnold E. White, et al.*, Case No. 2:17-cv-06063 DMG(Ex) and I agree to comply with and to be bound by all the terms of the Protective Order.  I understand and acknowledge that failure to comply could expose me to sanctions and punishment for contempt.

I will hold all Confidential Information and any duplicates, notes, abstracts, or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Protective order, and will use the Confidential Information solely for purposes of this litigation, except as provided by the Protective Order.

At the conclusion of litigation, I will return or destroy all Confidential Information and any duplicates, notes, abstracts, or summaries thereof, whether prepared by me or others, to counsel for the party who employed or retained me.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such proceedings occur after termination of this action.

I hereby swear and affirm under the penalties of perjury that the foregoing is true and correct.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

15839799.4
015333-10039

EXHIBIT A: ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND

1

## CERTIFICATE OF SERVICE

2        The undersigned certifies that the foregoing document was filed in

3 compliance with Local Rule 5-3.2.  As such, this document was served on all

4 counsel who have consented to electronic service on March 23, 2018.  See Local

5 Rule 5-3.2.3.

6

7

8                        */s/Keisha M. Lyles*
                       Keisha M. Lyles

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16151312.3
015333-10039