JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COMPTOWN RECORDS, INC., a California corporation, dba RUTHLESS RECORDS,<br><br>    Plaintiff,<br><br>v.<br><br>ARNOLD E. WHITE pka BIGG A, an individual; ERIC DARNEL WRIGHT pka Lil Eazy-E, an individual; Curtis James "CJ" Melone aka Curtis James Kubat, an individual; RUTHLESS RECORDS, a California corporation; and N.W.A ENTERTAINMENT LLC, a California company,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: CV 17-6063-DMG (Ex)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION [57]** |

Plaintiff Comptown Records, Inc. ("Plaintiff") and Defendants Arnold E. White pka Bigg A, Eric Darnel Wright pka Lil Eazy-E, Curtis James "CJ" Melone, aka Curtis James Kubat, Ruthless Records, and N.W.A Entertainment LLC (collectively "Defendants") having stipulated as set forth below to the entry of this Consent Judgment and Permanent Injunction,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

### Findings

**1.** This Court has jurisdiction of the subject matter of this action and the parties hereto.

**2.** Plaintiff is the owner of the well-known trade names, trademarks, and service marks RUTHLESS RECORDS, RUTHLESS, and N.W.A with respect to, among other things, musical sound recordings and clothing.

**3.** "RUTHLESS RECORDS" has been in continuous use as a record label since its launch by Eric "Eazy-E" Wright in 1986.

**4.** After the death of Eric "Eazy-E" Wright, RUTHLESS RECORDS has been owned and operated by his widow Tomica Woods-Wright and her company the Plaintiff; and the RUTHLESS and RUTHLESS RECORDS names and marks have been used on musical sound recordings and merchandise.

**5.** "COMPTOWN RECORDS" is an earlier record label name that was also launched by Eric "Eazy-E" Wright and is a trade name of Plaintiff.

**6.** RUTHLESS RECORDS and the musical group N.W.A were the subject of the recent theatrical motion picture entitled "Straight Outta Compton" released by Universal Pictures in 2015 of which Ms. Woods-Wright was one of the producers.

**7.** Plaintiff has registered with the United States Patent and Trademark Office (a) the mark RUTHLESS RECORDS for "compact discs featuring music",

pursuant to Registration Number 2167436, which issued on or about June 23, 1998; (b) the mark RUTHLESS for "clothing, namely, t-shirts, sweatshirts, sweatpants, baseball caps, jerseys, fleece top and bottoms, underwear, and jackets", pursuant to Registration Number 2610131, which issued on or about August 20, 2002 and for "musical sound recordings; audiovisual recordings of movies; video game programs", pursuant to Registration Number 4478333, which issued on or about February 4, 2014, and (c) the mark N.W.A with the United States Patent and Trademark Office for "series of prerecorded compact discs featuring music", pursuant to Registration Number 2522163, which issued on or about December 25, 2001 and for "clothing, namely, shirts, tops, and headwear", pursuant to Registration Number 4675580, which issued on or about January 20, 2015.

8. On or about June 19, 2017, defendants registered the domain name www.ruthlessrecordsinc.com and shortly thereafter launched a website and a number of social media sites at which they began promoting themselves as RUTHLESS RECORDS and/or RUTHLESS RECORDS INC., promoted musical events they planned to produce, and offered and sold clothing products branded RUTHLESS RECORDS.

9. Among other things, Defendants described themselves as follows: "Founded by legendary gangsta rap artist Eazy-E, Ruthless Records Inc. is a globally recognized brand, developing music and marketing in a whole new way. Our old-school outlook mixed with cutting edge technology makes Ruthless Records Inc. a leader in the music business.".

10. Defendants also stated: "Ruthless Records Inc. [sic] is an exclusive branding and marketing agency for NWA Entertainment [sic] and signed artists under NWA Entertainment [sic]."

11. Defendants have attempted to register RUTHLESS RECORDS, RUTHLESS DISTRIBUTION, COMPTOWN, and COMPTOWN RECORDS as

trademarks and/or service marks with the United States Patent and Trademark Office;

**12.** Defendants' use of Plaintiff's names and marks is likely to cause confusion with Plaintiff's use of its marks for similar services and goods and will dilute the distinctive quality of Plaintiff's marks.

**13.** Defendants' use of Plaintiff's names and marks and goodwill has caused irreparable injury and damage to Plaintiff and to the goodwill, reputation, and proven business success associated with Plaintiff's registered trademarks.

## **Permanent Injunction**

**14.** Defendants and each of their officers, agents, employees or representatives, and all persons acting in concert or participating with any of them are hereby permanently enjoined from engaging in or performing directly or indirectly any and all of the following acts:

(i) From using or displaying RUTHLESS, or using any confusingly similar designation, alone or in combination with other words, as part of any trade name, trademark, service mark, internet domain name, or social media name at any location anywhere including, but not limited to, advertising, marketing, merchandising, acquisition, distribution, and/or sales of retail consumer goods and merchandise or provision of any services;

(ii) From using or displaying RUTHLESS RECORDS, or using any confusingly similar designation, alone or in combination with other words, as part of any trade name, trademark, service mark, internet domain name, or social media name at any location anywhere including, but not limited to, advertising, marketing, merchandising, acquisition, distribution, and/or sales of retail consumer goods and merchandise or provision of any services;

(iii) From using or displaying N.W.A, or using any confusingly similar designation, alone or in combination with other words, as part of any

trade name, trademark, service mark, internet domain name, or social media name at any location anywhere including, but not limited to, advertising, marketing, merchandising, acquisition, distribution, and/or sales of retail consumer goods and merchandise or provision of any services;

(iv) From using or displaying COMPTOWN, or using any confusingly similar designation, alone or in combination with other words, as part of any trade name, trademark, service mark, internet domain name, or social media name at any location anywhere including, but not limited to, advertising, marketing, merchandising, acquisition, distribution, and/or sales of retail consumer goods and merchandise or provision of any services;

(v) From using or displaying COMPTOWN RECORDS, or using any confusingly similar designation, alone or in combination with other words, as part of any trade name, trademark, service mark, internet domain name, or social media name at any location anywhere including, but not limited to, advertising, marketing, merchandising, acquisition, distribution, and/or sales of retail consumer goods and merchandise or provision of any services;

(vi) From using or displaying STRAIGHT OUTTA COMPTON, or using any confusingly similar designation, alone or in combination with other words, as part of any trade name, trademark, service mark, internet domain name, or social media name at any location anywhere including, but not limited to, advertising, marketing, merchandising, acquisition, distribution, and/or sales of retail consumer goods and merchandise or provision of any services; and

(vii) From causing a likelihood of confusion, deception, or mistake as to the source or origin of Plaintiff's and Defendants' goods or services, or as to any affiliation or connection between Plaintiff, its business, and/or its

goods and services and Defendants, their activities, and/or their goods or services, or as to any sponsorship by Plaintiff of Defendants.

**15.** Notwithstanding the foregoing, this injunction is not intended to prevent Defendants from using the name and mark "RICH & RUTHLESS" in accordance with the terms of the parties' Settlement Agreement.

**16.** Nothing herein is intended to or shall prevent or enjoin Defendants from licensing the right to use Plaintiff's names and/or marks from Plaintiff.

**17.** The Court shall retain jurisdiction of this action for purposes of enforcement of this Judgment and the parties' Settlement Agreement.

**18.** Each party shall bear its own costs and attorneys' fees incurred to date in this action.

DATED: August 8, 2018

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE